UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-262-JBC

PATRIOT TAX INTERNATIONAL, LLC, PLAINTIFFS,

V.   **MEMORANDUM OPINION AND ORDER**

RALPH DIAZ, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion to dismiss (DE 22). A hearing was held regarding the motion on July 3, 2008. The court, having reviewed the record and being sufficiently advised, will grant the defendants' motion.

**I. Background**

The plaintiff brought suit against the defendants under the False Claims Act ("FCA"), 31 U.S.C. § 3729, for the purpose of enjoining the defendants from engaging in their alleged practices of preparing fraudulent tax returns by "giving all their clientele the Child Tax Credit and Additional Child Tax Credit without regard to where the qualifying children live, and/or without even determining whether the intended qualifying child actually constitutes a qualifying child." Pl.'s Complaint ¶ 24. In August 2007, the plaintiff filed its complaint under seal, in accordance with the FCA, to allow the United States an opportunity to intervene. The Department of Justice declined to intervene in the action, at which point the

1

complaint became unsealed.  The plaintiff, as the Relator, maintains the action in the name of the United States.

Under I.R.C. § 24(a) "there shall be allowed as a credit against the tax imposed . . . for the taxable year with respect to each qualifying child of the taxpayer an amount equal to $1,000."  This $1,000 child tax credit is phased out for taxpayers whose modified adjusted gross income exceeds certain threshold amounts.  I.R.C. §24(b)(1).  A "qualifying child" for purposes of the child tax credit and additional child tax credits is a child who (1) is the taxpayer's son, daughter, stepchild, foster child, sibling or stepsibling, or a descendant of any of them; and who (2) resides with the taxpayer for more than one-half of the taxable year, (3) is under the age of 17, (4) did not provide over half of his or her own support for the tax year, and (5) is a United States citizen, United States national, or United States resident alien.  I.R.C. § 24(c); I.R.C. §152(c).  The additional child tax credit, a refundable credit if the taxpayer's child tax credit is greater than his tax liability, may be available to certain taxpayers.  I.R.C. § 24(d).

The plaintiff, through its own investigation, believes that the defendants routinely prepare tax returns for immigrants whose children live in countries other than the United States.  Thus, the plaintiff alleges, the defendants are violating the tax law by preparing their clients' tax returns to claim the child tax credit and additional child tax credit with knowledge that the clients' children do not qualify under the above definition because the children have not resided with the taxpayer

2

for more than one-half of the taxable year. Further, the plaintiff claims, these immigrants often prepare tax declarations for more than the current taxable year; thus, the plaintiff asserts, the defendants are costing the United States thousands of dollars each year by numerous fraudulent returns claiming the child tax credit and additional child tax credit. This court denied the plaintiff's motion for a preliminary injunction on February 28, 2008. During that hearing, the court construed the defendants' response to the plaintiff's motion for a preliminary injunction as a motion to dismiss the complaint. DE 21.

## II. Standard of Review

Because the defendants assert that the plaintiff's claim is entirely barred by the FCA, this court will evaluate the present motion under Federal Rule of Civil Procedure 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) allows for dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). A court must construe the complaint in a light most favorable to the plaintiff and accept as true all of the plaintiff's well-pleaded factual allegations in determining whether the plaintiff can prove any set of facts supporting the claims that would entitle it to relief. *Id.*

3

### III. The False Claims Act and Tax Bar

The purpose of the FCA is to restore to the government money taken from it by fraud. *U.S. ex rel. Augustine v. Century Health Services, Inc.,* 289 F.3d 409 (6th Cir. 2002). The FCA empowers the United States, or private citizens on behalf of the United States, to recover treble damages from anyone who has knowingly made false claims for money or property upon the United States, or caused such claims to be made, or submitted false information in support of such claims. *See U.S. ex rel McKenzie v. BellSouth Telecommunications, Inc.,* 123 F.3d 935 (6th Cir. 1997). The FCA provides an incentive to private persons to bring suit on behalf of the United States for fraud by rewarding them with a portion of the judgment should they recover on the United States' behalf. *See* 31 U.S.C. § 3730(d). When an action is brought by a private person, the complaint must be filed *in camera* and remain under seal for at least 60 days. 31 U.S.C. § 3730. During that time, "the United States government must determine whether to intervene and take primary responsibility for the suit or to decline in its right to intervene, and thus allow a private litigant to continue in the suit." *U.S. ex rel Burch v. Piqua Engineering, Inc.,* 803 F.Supp. 115, 118 (S.D. Ohio 1992). When the government elects not to proceed with the action, as it has in this case, "the person who initiated the action shall have the right to conduct the action." 31 U.S.C. § 3730(c)(3). The plaintiff alleges that the defendants violated the FCA by (1) knowingly presenting, or causing to be presented, to the United States

4

government a false claim for payment, § 3729(a)(1); (2) knowingly making, or causing to be made, a false record or statement to get a false claim paid or approved by the government, § 3729(a)(2); and (3) knowingly making, or causing to be made, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the government, § 3729(a)(3). To support these claims, the plaintiff alleges that the defendants are making fraudulent statements under the Internal Revenue Code by giving its clients the child tax credit and additional child tax credit without regard to where the qualifying children live.

Although the FCA seems rather broad, it contains one major exception, known as the Tax Bar. The FCA "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(e). In 1986, when Congress amended the FCA to address "reverse false claims" by providing that the Act creates liability for false statements designed to reduce or avoid an obligation to pay money or property to the government, it specifically noted that by doing so it did not intend to extend the FCA to income tax cases. S. Rep. No. 99-345, at 18, 1986 U.S.C.C.A.N. 5266 (noting "it is now apparent that the False Claims Act does not apply to income tax cases, and the Committee does not intend that it should be so used . . . ."). "Those courts that have considered the Tax Bar have concluded that it was intended to codify case law existing before the 1986 amendment, which reserved discretion to prosecute tax violations to the [Internal Revenue Service ("IRS")]." *U.S. ex rel. Lissack v. Sakura Global Capital Markets,*

5

*Inc.,* 377 F.3d 145 (2d Cir. 2004); *see U.S. ex rel. U.S.-Namibia (Southwest Africa) Trade & Cultural Council, Inc. v. Africa Fund*, 588 F.Supp. 1350 (S.D.N.Y. 1984)(stating "[t]he qui tam statute does not authorize a private party to override section 7401 to recover penalties or damages allegedly sustained by the government by virtue of false income tax statements. In essence, plaintiff is attempting to enforce the tax laws through an improper vehicle – the False Claims Act – and as an improper party – not the United States"). This discretion over tax matters is found at I.R.C. § 7401, which provides that "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

**IV. Analysis**

At issue is whether the Tax Bar applies to this action. Neither party points to Sixth Circuit authority interpreting the Tax Bar. When interpreting statutes, a court starts with the language of the statute itself. *United States v. Health Possibilities, P.S.C.,* 207 F.3d 335, 339 (6th Cir. 2000). "If the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced." *Id; see also Vergos v. Gregg's Enterprises, Inc.,* 159 F.3d 989, 990 (6th Cir. 1998) ("Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms.")(quoting *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241 (1989)). Section 3729(e) clearly states the

FCA "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." "Congress could not have expressed its intent more clearly than it did in § 3729(e)" that causes of action involving fraudulent claims, records, or statements made to the government under the Tax Code are expressly excluded from the scope of the FCA. *Almeida v. United Steelworkers of America Int'l Union, AFL-CIO*, 50 F. Supp. 2d 115, 126-27 (D.R.I. 1999). Thus, even assuming the plaintiff's allegations are true, the court finds that the clear language of § 3729(e) bars the present action filed under the FCA, as this matter involves statements made under the Internal Revenue Code of 1986.

This conclusion is consistent with *United States ex rel. Lissack v. Sakura Global Capital Markets, Inc.,* 377 F.3d 145 (2d Cir. 2004). *Lissack* involved a suit under the FCA dealing with a highly complex "yield burning" scheme involving tax-free municipal bonds. The relator, Michael Lissack, identified the false claim as the wrongful purchase of interest-bearing federal securities in lieu of zero-interest State and Local Government Series bonds which caused the government to pay out more in interest than it should have. *Id.* at 153. The relator asserted "that this claim [was] not made under the Tax Code because he was only seeking to collect amounts the Government supposedly lost through the . . . bond purchases and was not seeking to recover taxes that citizens [had] avoided by not paying taxes on the bonds that [violated] arbitrage rules and thus [were] not tax exempt". *Id.* Thus, the relator argued, the Tax Bar applies only when the claim involves collecting tax

liabilities. *Id.* The Second Circuit declined to interpret the Tax Bar that narrowly, finding that the FCA claim was barred by the Tax Bar. *Id. Lissack* found the relator's claim was barred because (1) the falsity of the claim asserted depended entirely on establishing a violation of the Tax Code, and (2) the IRS could recover the exact amount sought by the relator. *Id.* at 157.

Similarly, the instant plaintiff contends that its claim falls outside the Tax Bar because it is not seeking to collect from the defendants' clients for the taxes owed; rather, it claims that "this is a case against a company that is in the business of knowingly preparing false tax claims for profit." Pl.'s Complaint ¶ 33.[1] Yet, the

---

[1] The plaintiff relies on two cases, both of which were discussed by the Senate Committee in its discussion of the "reverse false claim." S. Rep. No. 99-345, at 18, 1986 U.S.C.C.A.N. 5266. *United States v. Douglas*, 626 F.Supp. 621 (E.D.Va. 1985), involved an underpayment on a government contract. The *Douglas* court found that there was a valid claim under the False Claims Act, stating "it did not matter whether the false statements caused the government to pay out too much as opposed to receiving less than it deserved, so long as the expenses were ultimately borne by the United States Treasury." *Id.* at 628. *Smith v. United States*, 287 F.2d 299 (5th Cir. 1961) held the FCA applies even where there is no direct liability running from government to claimant. The case involved two reports filed by an executive director of a governmental housing project in which the government agreed to advance funds to cover operating deficits and would receive rent in the amount by which operating revenues exceeded approved expenses. *Id.* The two false claims in the case involved one report which reduced the amount of rent payable to the government and one report which increased the amount of the advance payable by the government. *Id.* The court found that the FCA was violated by both reports because under one, the government would have made a lesser payment and in the other the government would have received more rent, both of which caused the government to bear expenses. *Id.* Although at first glance the cases seem applicable to the present matter because a fraudulent claim of a child tax credit reduces a taxpayer's tax liability, thus causing the government to receive less than it is owed, and a fraudulent additional child tax credit causes the government to pay out funds it would not otherwise owe, neither *Smith* nor *Douglas* involves interpretation of the Tax Code. In fact, neither case even

"very basis for [the plaintiff's] case depends entirely on a purported violation of the Tax Code." *Lissack,* 377 F.3d at 153. The plaintiff cites numerous provisions of the Tax Code in its complaint, arguing that the defendants are violating those specific provisions. *See* Pl.'s Complaint ¶ 16-23 (citing I.R.C. §§ 24, 32, 151, and 152). The allegedly fraudulent tax returns, for the purpose of the FCA, are false precisely *because* they violate the Tax Code. Whether a child is qualifying, and thus whether the defendants are fraudulently preparing their clients' tax return forms, depends on whether the child meets the definition under the Tax Code. Thus, the first condition of *Lissack* is satisfied, because this court cannot determine whether the statements were false without determining whether the Tax Code authorizes the child tax credit and additional child tax credit. "Because [the plaintiff's] FCA claim rises or falls on finding a violation of the Tax Code, [it] is precisely the kind of claim that falls within the plain language of the Tax Bar." *Lissack,* 377 F. 3d at 154.

The plaintiff argues that the second condition of *Lissack*, whether the IRS can collect the money that the plaintiff is seeking, is not met because it does not seek the collection of income taxes, but instead seeks damages based upon the statutory penalties set forth in the FCA and for a forfeiture of the fees paid to the defendants in their scheme to perpetuate the fraud upon the government. The

---

mentions tax filings or the Tax Code. Further, the cases are within the same section of the Senate Report in which the Committee stated the FCA does not apply to income tax cases. S. Rep. No. 99-345, at 18, 1986 U.S.C.C.A.N. 5266.

9

*Lissack* court specifically stated that it was not intimating a view as to whether the Tax Bar would apply if one of the two conditions was not met. *Lissack,* 377 F. 3d at 157 n. 13. This court finds that satisfaction of both conditions is not required in the present matter. Regardless of whether the IRS could recover the amount from the defendants, the court finds that the language of § 3729(e) alone clearly bars this action.

## V. Conclusion

The court finds that it lacks subject matter jurisdiction under the FCA's Tax Bar to reach the merits of the plaintiff's case. Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss the complaint (DE 22) is **GRANTED.**

Signed on July 3, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY